[S. F. No. 10267. In Bank.—May 29, 1923.]

SIDNEY E. SAUNBY et al., Petitioners, v. THE RAIL-
ROAD COMMISSION OF THE STATE OF CALI-
FORNIA et al., Respondents.

[1] RAILROAD COMMISSION—READJUSTMENT OF RATES FOR ELECTRIC
ENERGY — PROCEDURE — LIMITATION OF INVESTIGATION — POWER OF
COMMISSION.—In a proceeding before the Railroad Commission for
a modification of rates to be charged by an electric company for
electric energy for lighting and power, which proceeding was re-
garded by the commission in the nature of an emergency in-
vestigation having for its purpose immediate relief of the con-
sumers from the higher rates allowed by a previous order of the
commission, the commission has the right to limit the scope of
the investigation and to exclude from consideration, for the time
being, an inquiry into the lawfulness and propriety of its former
order relative to the amount of taxes, state and federal, which
the corporation had been allowed to charge to the account of
operating expenses, and this limitation did not violate any con-
stitutional right of the corporation.

APPLICATION for a Writ of Review to annul an
order of the Railroad Commission modifying rates for electric
energy.   Writ denied.

The facts are stated in the opinion of the court.

F. S. Brittain for Petitioners.

For Respondent Railroad Commission, Hugh Gordon, Will-
iam W. Clary and Carl I. Wheat.

For Respondent Southern California Edison Company,
Roy V. Reppy and B. F. Woodward.

William J. Carr, *Amicus Curiae.*

RICHARDS, J., *pro tem.*—The petitioners herein applied
for a writ of review wherein they sought to have reviewed
and annulled a certain decision and order of the Railroad
Commission in a proceeding before said Commission for the
readjustment and fixation of the rates to be charged its
customers by the Southern California Edison Company, a

corporation engaged in the distribution and sale of electric energy for lighting and power throughout a number of the counties in southern California. The facts preceding and attending said application, so far as the same are deemed necessary for the purposes of this decision, are undisputed and are as follows:

Prior to and in the early part of the year 1921 the Railroad Commission undertook and conducted a comprehensive investigation into the properties and operations of the Southern California Edison Company, upon the latter's application, at the close of which the Commission made its findings with relation to the properties, income and operating expenses of said corporation, among the latter of which items it included certain estimated expenditures for state taxes, and also an amount of federal income taxes which the corporation had paid and which latter item the Commission found should be deducted from the gross earnings of the corporation in determining what its rates should be in order to allow a reasonable return upon its investment. Based upon these findings the Commission, on the thirty-first day of March, 1921, made its order fixing the rates to be charged the consumers of its product by the corporation. This order became final and effective on or about April 21, 1921, and was put into operation by the corporation, no assault having been made thereon by any of the parties affected thereby. In the early part of January, 1922, it was brought to the attention of the Commission that, due to certain changes in economic conditions, the rates as fixed by its aforesaid order would result in a greater return than that found to be reasonable at the time said rates were fixed, and would thus prove a burden upon certain classes of consumers, and that said rates should be modified and reduced. The Commission accordingly made an order on January 22, 1922, reciting the above facts and stating that it appeared "advisable that the Commission determine at this time to what extent and in what manner the rates of the Southern California Edison Company should be reduced or modified." The Commission, therefore, ordered that a proceeding be instituted "to determine the just, reasonable and sufficient rates, charges, rules, regulations, practices or contracts to be hereafter observed and en-

forced, and to fix the same by proper order," after a public hearing, to which all interested persons were to be made parties. Such public hearing was set for and was commenced before the Commission upon the twenty-seventh day of February, and was thereafter conducted on February 28th and on the twenty-first, twenty-second, twenty-third, and twenty-fourth days of March. Upon the opening day of said hearing the presiding Commissioner stated for the information and guidance of the parties who had appeared therein that "the Commission felt that it was necessary we have a public hearing at which we would inquire first into the actual rates received by the company during 1921, or that portion of the year which followed the effective date of these new rates; also the operating costs of the company during that period, and if possible, estimates of future revenues and expenses, particularly for the year 1922." On March 22, 1922, upon the opening of the hearing of that day, the presiding commissioner made the following statement on behalf of the Commission as to the scope of the inquiry then in course of conduct and the limitations of the proceedings thereunder, as follows: "This hearing will be confined, as originally intended, to the points already brought out in the original order of the Commission calling for this investigation. The fundamentals, such as the rate base, rate of return, taxation, depreciation, severance damages and those items will not be considered at this hearing; but we will close this case as quickly as we can, submit it and give our decision, and then this Commission will announce right now that it will institute a proceeding opening the whole matter wide enough to take in everything you please." Certain of the parties interested in said proceeding as rate payers of said corporation, through their counsel, objected to this limitation of the said proceedings and a colloquy ensued between such counsel and the presiding commissioner in which the former insisted that the investigation conducted in the pending proceeding be sufficiently broad enough to include an inquiry into alleged errors of the Commission in its decision and order of 1921 in regard to the question of the state and federal taxes by the amount and method of the allowances for which, the corporation was alleged to have been unjustly enriched at the expense of its consumers. The presiding commis-

sioner stated that the present proceeding was to be regarded
as in the nature of an emergency investigation having for
its purpose the immediate relief of the consumers from the
higher rates allowed under the previous order, and that,
therefore, such fundamentals as rate base, rate of return,
taxation, depreciation, severance damages, and such items
would not be considered at this hearing, but he assured
counsel for said consumers making said insistence that the
matter of taxation, as well as all other matters relative
to a full consideration and final fixation of the rates of
said corporation, not received for consideration at this hear-
ing, would be given full consideration in another proceeding
presently to be instituted by the Commission, wherein the
entire subject of rates would be opened for investigation
and in which all parties would be given an opportunity
to be heard. The Commission thereupon, over the objection
and exception of counsel for said consumers, restricted the
inquiry to such matters as it deemed germane to its declared
purpose of affording the consumers present relief from the
former rates; and particularly refused, in the then pending
investigation, to go into the question of taxation. After
a hearing lasting over the period above indicated, and
limited as above set forth, the Commission made its de-
cision and order on April 24, 1922, the effect of which
order was to so reduce the rates theretofore effective as to
work a saving to the customers of the corporation of a large
sum of money, estimated by the respondents herein at
$1,600,000 per annum. The decision and order made and
filed by the Commission on that day embraced the following
statement as to the limitations placed by the Commission
upon the scope of the particular proceeding before it and
upon the effect of its said order with respect to its finality
regarding the so-called fundamental matters to be postponed
to a later and broader investigation, viz.:

"During the course of the hearings the Commission
limited the proceeding to the consideration of what general
modifications should be made in existing schedules of rates
to eliminate unnecessary or unreasonable burdens where
the same might exist, and what reduction should be made
at this time to the benefit of the public in general based
on the findings in Decision No. 8815. (C. R. C., vol. 19,
p. 595.)  Consideration of the fundamental issues such as

rate base, rate of return, depreciation allowance and allowance for taxes were excluded in this proceeding. The Commission announced that it would institute on its own motion another proceeding in the nature of a regular rate hearing in which all of these fundamental issues would be fully considered.''

A petition for rehearing was thereafter presented by those of the customers of said corporation appearing as petitioners herein. In said petition for rehearing the petitioners urged that the said order of the commission was unlawful in so far as it operated to continue in effect the former order of the Commission as to the amount of taxes to be estimated and allowed the corporation as operating expenses, and also as to the allowance of any portion of the sum paid by the corporation as United States income taxes, as operating expenses. The Commission, in its order denying the petition for rehearing, filed on May 3, 1922, set forth the following as its reasons for denying the same:

''Case No. 1710 was made in the nature of an emergency proceeding and limited in its scope in order that certain reductions in rates might be made effective immediately. This course was agreed to in general by attorneys in the proceeding and was made with the specific understanding that the Commission would, on its own motion, institute a further proceeding to investigate fully the rates, rules and practices of the Southern California Edison Company. Pursuant thereto the Commission has instituted a proceeding into the entire question of the reasonableness of the rates, rules and practices of the Southern California Edison Company (Case 1759) and in view of this fact and the limitations of the scope of Case No. 1710 it does not appear that there is any justification for granting a rehearing on the grounds set forth in the petition herein.''

Thereafter, and on May 3, 1922, the petitioners herein presented their application for a writ of review, wherein the substance of the foregoing facts were set forth and upon which they prayed for the annulment of the order of the Commission made and entered on April 24, 1922.

[1] The first question presented for our consideration upon this application relates to the regularity of the proceedings and order of the Commission limiting the scope

of the investigation pending before it so as to exclude therefrom an inquiry into the lawfulness and propriety of its former order relative to the amount of the taxes, state and federal, which the corporation had been allowed by said former order to charge to the account of operating expenses. It is to be observed that in making said order, having the effect of limiting the scope of the investigation then pending before it, and of preventing a present consideration of the subject of taxation as germane to rate fixation, the Commission was dealing strictly with the matter of its own procedure. It must be held equally clear that under the enlarged powers with which the Railroad Commission is invested under the provisions of sections 22 and 23 of article XII of the state constitution, the said commission has been entrusted with a very large, if not an almost unlimited, discretion, with relation to the inception, order and conduct of proceedings before it. Practically the only limitation imposed upon the Commission in matters pending before it of the nature of those under review in the instant proceeding is that imposed by the terms of the federal and state constitutions, requiring that no person shall be deprived of life, liberty or property without due process of law. In the case of *San Joaquin Light & Power Co.* v. *Railroad Com.*, 175 Cal. 74 [165 Pac. 16], this court quoted with approval the language of the supreme court of the United States in the matter of *Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1 [53 L. Ed. 371, 29 Sup. Ct. Rep. 148, see, also, Rose's U. S. Notes], holding that the function of rate-making is purely legislative in its character, and this is true whether it is conferred directly by the legislature itself or by some subordinate or administrative body to whom the power of fixing rates in detail has been delegated, so that the only ground upon which the courts may interfere with the exercise of this function is that the action in question impairs constitutional rights. It may be conceded that if the record in the instant proceeding disclosed that by the limitations which the Commission placed upon the immediate inquiry before it these petitioners had been finally denied a hearing upon any question vital to a just and proper fixation of rates which this corporation should be allowed to charge the consumers of its product, and that such denial had resulted, or would result, in de-

priving them of property through the imposition of unjust and irregular rates, they might have recourse to the courts for relief against such unlawful exercise of the granted powers on the part of the Railroad Commission. But the record in the proceeding before us presents no such condition, since it affirmatively appears that the order of the commission in limiting the scope of the investigation before it was but temporary in its operation and effect, and that in making said order the asserted rights of the parties before it were expressly preserved for later consideration in a·proceeding which the Commission intended presently to institute and in which every question involved in a general and final rate-making order affecting said corporation and all its consumers would be accorded full opportunity for consideration. The record further discloses that, as shown by the order of the Commission denying the petition for rehearing, such inclusive proceeding had in fact been instituted by the Commission prior to the making of the said last-named order and was pending at the time of the inception of the proceedings herein for a writ of review. Under the conditions as thus disclosed by this record, we are constrained to hold that the order which was made by the Railroad Commission limiting the scope of its inquiry in the proceeding pending before it, so as to exclude for the time being questions of taxes, upon which the petitioners herein were then insistent for a hearing, was fully within the discretionary power of the commission as to matters of procedure and that no constitutional rights of the petitioners herein were invaded by the action of the Commission in that regard. This conclusion necessarily puts an end to any further consideration of the other questions attempted to be presented to this court in this proceeding, since, if those questions were properly eliminated by the Commission from the proceeding before it, and if the order which it finally did make after their elimination, by its express terms reserved for a more inclusive investigation and for final determination of the very matters which the petitioners herein are insisting should have been considered in the proceeding which they now seek to have reviewed, it follows necessarily that the petitioners have sustained no injury from any lack of jurisdiction in the Commission to make the· orders complained of, nor

any such injury from their effect as would justify recourse to the limited special proceeding of *certiorari* to review orders from which the petitioners have suffered no final or irremediable injury, but with regard to which their rights, if any, to ultimate relief have been expressly reserved to them by the terms of the very orders of which they here complain.

The application is denied.

Waste, J., Lennon, J., Lawlor, J., Seawell, J., and Wilbur, C. J., concurred.